UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Scange Volant,<br><br>                              Plaintiff,<br><br>                    -v-<br><br>Nassau County and Dr. Henning,<br><br>                              Defendants. | 2:24-cv-7882<br>(NJC) (ST) |

**MEMORANDUM AND ORDER**

NUSRAT J. CHOUDHURY, United States District Judge:

Before the Court is a motion to proceed in forma pauperis ("IFP") filed by pro se plaintiff Scange Volant ("Volant") in relation to his Complaint filed while incarcerated at the Ulster County Correctional Facility, which complains about the conditions of his confinement while incarcerated at the Nassau County Correctional Center (the "Jail"). (IFP Mot., ECF No. 5; Compl., ECF No. 1.) For the reasons that follow, the Court grants the IFP motion and dismisses the Complaint without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii), 1915A(b)(1) and with leave to file an amended complaint as set forth below.

BACKGROUND

On November 8, 2024, Volant filed a Complaint against Nassau County and Dr. Henning (together, "Defendants") using the Court's civil rights complaint form for actions brought pursuant to 42 U.S.C. § 1983 ("Section 1983"). (Compl.) Volant did not pay the filing fee, nor did he file a motion to proceed IFP at that time. Accordingly, by Notice of Deficiency dated November 14, 2024, the Court instructed Volant to either pay the filing fee or complete and file an IFP application and Prisoner Litigation Authorization form ("PLA") within fourteen days in order for his case to proceed. (*See* Not., ECF No. 2.) On November 27, 2024, Volant timely filed

his IFP motion but did not file the PLA. (*See* IFP Mot.) Accordingly, by Notice of Deficiency dated December 5, 2024, the Court instructed Volant to complete and return the enclosed PLA within fourteen days and, on December 16, 2024, Volant did so. (*See* PLA, ECF No. 7.)

### I.     The Complaint[1]

The Complaint alleges that, during mid-September 2023, while Volant was incarcerated at the Jail, he had an allergic reaction to the wool blanket provided to him and suffered severe itching and burning over his body, which interrupted his sleep. (Compl. ¶ II.) Volant asserts that he "put in a sick call" and met with a doctor who said he would request for Volant to receive a cotton blanket. (*Id*.) Volant was also prescribed a cream and some "pills for the allergy." (*Id*.) Volant claims that he did not receive the cotton blanket and put in five different requests "over the course of months" to no avail. (*Id*.) As a result, Volant seeks to recover a damages award in the sum of $750,000 for pain and suffering and a punitive damages award in the sum of $150,000. (*Id*. ¶ III.)

## LEGAL STANDARDS

### I.     In Forma Pauperis

Upon review of Volant's IFP Motion (IFP Mot.), the Court finds that Volant is qualified by his financial status to commence this action without the prepayment of the filing fee. Therefore, the IFP Motion is granted.

### II.    Sufficiency of the Pleadings

Given that Volant is proceeding IFP, the Court is required to "review . . . as soon as

---

[1] Excerpts from the Complaint have been reproduced here exactly as they appear in the original. Errors in spelling, punctuation, and grammar have not been corrected or noted.

practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity . . . ." 28 U.S.C. § 1915A(a).[2] At the pleading stage, the court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678–80 (2009)), *aff'd*, 569 U.S. 108 (2013).

This Court is required to construe pleadings "filed by *pro se* litigants liberally and interpret them to raise the strongest arguments that they suggest." *Hunter v. McMahon*, 75 F.4th 62, 67 (2d Cir. 2023) (quotation marks and citation omitted). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Ceara v. Deacon*, 916 F.3d 208, 213 (2d Cir. 2019) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)) (quotation marks omitted).

Nevertheless, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *accord We The Patriots USA, Inc. v. Connecticut Off. of Early Childhood Dev.*, 76 F.4th 130, 144 (2d Cir. 2023). "Threadbare recitals of the elements of a cause of action,

---

[2] The term "prisoner" is defined in this statute to include "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(c).

3

supported by mere conclusory statements . . . are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 678–79 (citation omitted). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 557). The factual allegations of a complaint must be sufficient to give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quotation marks omitted).

If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the court must grant leave to amend the complaint. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). If, however, amendment of the complaint would not cure the substantive defects of the claim, leave to amend should be denied. *Id.*

## DISCUSSION

### I.   Section 1983 Claims

Section 1983 provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. "Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993) (citing *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985)); *accord Jean-Baptiste v. United States Dep't of Just.*, No. 23-441, 2024 WL 1193062, at *1 (2d Cir. Mar. 20, 2024) (noting that Section 1983 does not provide an independent source of substantive rights). To maintain a Section 1983 action, a plaintiff must show that the defendant (1) acted under color

4

of state law (2) to deprive the plaintiff of a right arising under the Constitution or federal law. *See Sykes*, 13 F.3d at 519. Here, the Complaint does not allege a plausible Section 1983 claim because it does not plausibly allege any deprivation of a right afforded by the U.S. Constitution and, even if it did, it does not sufficiently allege the personal involvement of Dr. Henning or any plausible claim for municipal liability against Nassau County. (*See* Compl.)

### A. Absence of a Constitutional Deprivation

Volant's claim that he suffered an allergic reaction to the wool blanket provided to him and that his requests for a cotton blanket were ignored do not rise to a constitutional deprivation under either the Eighth Amendment or the Fourteenth Amendment.[3] Liberally construed, Volant's allegations suggest that he challenges both the conditions of his confinement and the sufficiency of the medical care provided to him. (*See* Compl. ¶ II.)

A conditions of confinement claim and a sufficiency of medical care claim each require that a plaintiff satisfy both an objective prong and a subjective prong. *Darnell,* 849 F.3d at 29. For a conditions of confinement claim, the objective prong is the same under both the Eighth and Fourteenth Amendments and requires a showing that the challenged conditions were sufficiently serious such "that the conditions, either alone or in combination, pose an unreasonable risk of

---

[3] Although Volant does not allege whether he is a pre-trial detainee or a convicted prisoner, all "'[p]risoners and detainees have constitutionally protected rights to receive humane conditions of confinement, including adequate food, clothing, shelter, medical care, and security.'" *Arroyo v. Nassau Cnty. Corr.*, No. 22-CV-5611, 2022 WL 16636774, at *3 (E.D.N.Y. Nov. 2, 2022) (quoting *McKoy v. Suffolk County Corr. Fac.*, No. 21-CV-1873, 2022 WL 1092385, at *2 (E.D.N.Y. Apr. 12, 2022)) (citing *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). If Volant is a pre-trial detainee, he is entitled to the protections of the Fourteenth Amendment's due process clause; whereas, if he is serving a post-conviction sentence, he is protected by the Eighth Amendment's prohibition on cruel and unusual punishment. *See Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017).

serious damage to his health." *Id*. at 30. "There is no static test to determine whether a deprivation is sufficiently serious; instead, 'the conditions themselves must be evaluated in light of contemporary standards of decency.'" *Id.* (quoting *Blissett v. Coughlin*, 66 F.3d 531, 537 (2d Cir. 1995) (*add'l* citation omitted). The objective prong for a denial of adequate medical care claim under both the Fourteenth and Eighth Amendments requires the alleged deprivation in medical care be "sufficiently serious." *Salahuddin v. Goord*, 467 F.3d 263, 279 (2d Cir. 2006). A deprivation in medical care is sufficiently serious if (1) "the prisoner was actually deprived of adequate medical care" and (2) "the inadequacy in medical care is sufficiently serious." *Id*. at 279–80. The latter inquiry "contemplates a condition of urgency such as one that may produce death, degeneration, or extreme pain." *Charles v. Orange Cnty.*, 925 F.3d 73, 86 (2d Cir. 2019); *see also Harrison v. Barkley*, 219 F.3d 132, 136 (2d Cir. 2000) (holding that the medical need must be a "sufficiently serious" condition that "could result in further significant injury or the unnecessary and wanton infliction of pain").

As for the subjective prong, for a conditions of confinement claim and for a denial of adequate medical care claim, the Eighth Amendment requires a showing "that a prison official had the requisite 'culpable intent,' which is present if the official 'has knowledge that an inmate faces a substantial risk of serious harm *and* he disregards that risk by failing to take reasonable measures to abate the harm.' As such, 'mere negligence will not suffice.'" *Smith v. New York State*, No. 23-cv-6601, 2024 WL 4746554, at *2 (2d Cir. Nov. 12, 2024) (summary order quoting *Hayes v. N.Y.C. Dep't of Corr.*, 84 F.3d 614, 620 (2d Cir. 1996)) (emphasis in original). Under the Fourteenth Amendment, the subjective prong requires that the plaintiff "show[] that the officers acted with deliberate indifference to the challenged condition." *Darnell*, 849 F.3d at 29.

6

In other words, "a detainee asserting a 'claim for deliberate indifference to his medical needs can allege either that the defendants *knew* that failing to provide the complained of medical treatment would pose a substantial risk to his health or that the defendants *should have known* that failing to provide the omitted medical treatment would pose a substantial risk to the detainee's health.'" *Culbreth*, 2025 WL 35059, at *6 (quoting *Darby v. Greenman*, 14 F.4th 124, 128 (2d Cir. 2021)) (emphasis in original).

Here, the Complaint's allegations do not demonstrate that both prongs are met, whether Volant's claim is construed as a conditions of confinement claim or a sufficiency of medical care claim brought under either the Eighth Amendment or the Fourteenth Amendment. Taking as true the allegation that the Jail-issued wool blanket caused Volant to suffer skin irritations that disrupted his sleep is an objectively serious condition, he has not plausibly alleged that it that posed an "unreasonable risk of serious damage to his health," *Darnell,* 849 F.3d at 30, or that the harm was "sufficiently serious" in that it "could result in further significant injury or the unnecessary and wanton infliction of pain," *Harrison*, 219 F.3d at 136; *see* Compl.; *Charles*, 925 F.3d at 86; *see also Estelle v. Gamble*, 429 U.S. 97, 104 (1976)) ("[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain.'"). Nor does the Complaint allege any facts from which the Court could reasonably find the subjective prong is met under either the Eighth Amendment's "culplable intent" standard or the Fourteenth Amendment's "knew or should have known" standard. Because the Complaint fails to allege a constitutional deprivation, the Complaint's Section 1983 claim is implausible and dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii), 1915A(b)(1).

7

### B. Personal Involvement

Even if Volant had alleged a constitutional deprivation, his claim against Dr. Henning must be dismissed in the absence of any allegations suggesting his personal involvement. In an action brought under Section 1983, a plaintiff must allege the personal involvement of each defendant in the claimed constitutional deprivation. *See Farid v. Ellen*, 593 F.3d 233, 249 (2d Cir. 2010). An "individual cannot be held liable for damages under [Section] 1983 'merely because he held a high position of authority.'" *Back v. Hastings on Hudson Union Free Sch. Dist.*, 365 F.3d 107, 127 (2d Cir. 2004) (quoting *Black v. Coughlin*, 76 F.3d 72, 74 (2d Cir. 1996)). Instead, "a plaintiff must plead and prove 'that each Government-official defendant, through the official's own individual actions, has violated the Constitution'" or laws of the United States. *Tangreti v. Bachmann*, 983 F.3d 609, 616 (2d Cir. 2020) (quoting *Iqbal*, 556 U.S. at 676). When a Section 1983 claim fails to allege the personal involvement of the defendant, it fails as a matter of law. *See Johnson v. Barney*, 360 F. App'x 199, 201 (2d Cir. 2010) (summary order citing *Sealey v. Giltner*, 116 F.3d 47, 51 (2d Cir. 1997)).

Here, although the Complaint names Dr. Henning as a defendant in the caption, he is not mentioned in the body of the Complaint. (*See* Compl.) This is fatal to Volant's claims. *See Dove v. Fordham Univ.*, 56 F. Supp. 2d 330, 335 (S.D.N.Y. 1999) ("[W]here the complaint names a defendant in the caption but contains no allegations indicating exactly how the defendant violated the law or injured the plaintiff, a motion to dismiss the complaint in regard to that defendant should be granted."), *aff'd sub nom. Dove v. O'Hare*, 210 F.3d 354 (2d Cir. 2000). In the absence of any allegations against Dr. Henning, the Complaint does not plausibly allege a Section 1983 claim against him and it is thus dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii), 1915A(b)(1).

### C. Municipal Liability

In order to prevail on a Section 1983 claim against a municipal entity, a plaintiff must show: "(1) actions taken under color of law; (2) deprivation of a constitutional or statutory right; (3) causation; (4) damages; and (5) that an official policy of the municipality caused the constitutional injury." *Roe v. City of Waterbury*, 542 F.3d 31, 36 (2d Cir. 2008) (citing *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690-91 (1978)). Thus, "a municipality can be held liable under Section 1983 if the deprivation of the plaintiff's rights under federal law is caused by a governmental custom, policy, or usage of the municipality." *Jones v. Town of E. Haven*, 691 F.3d 72, 80 (2d Cir. 2012). "The Supreme Court has made clear that 'a municipality cannot be made liable' under § 1983 for acts of its employees 'by application of the doctrine of *respondeat superior*.'" *Roe*, 542 F.3d at 36 (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 478 (1986)). "Rather, a plaintiff must identify either an 'express rule or regulation,' a practice that 'was so persistent or widespread as to [carry] the force of law,' or misconduct of 'subordinate employees' that 'was so manifest as to imply the constructive acquiescence of senior policy-making officials.'" *Swinton v. Livingston Cnty.*, No. 21-1434, 2023 WL 2317838, at *1 (2d Cir. Mar. 2, 2023) (summary order quoting *Littlejohn v. City of New York*, 795 F.3d 297, 315 (2d Cir. 2015)).

Here, the Complaint does not allege any facts from which this Court could reasonably construe that the challenged conduct was undertaken pursuant to any custom, policy, or practice of Nassau County. Thus, Volant's claims against Nassau County are implausible and are dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii), 1915A(b)(1).

### II. State Law Claims

Under 28 U.S.C. § 1367(a), "the district courts shall have supplemental jurisdiction over

9

all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." However, courts "may decline to exercise supplemental jurisdiction over a claim" if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Where "all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988).

Here, because the Complaint contains no plausible federal claim, the interests of judicial economy, convenience, fairness, and comity weigh against exercising supplemental jurisdiction over any state law claims in the Complaint. Accordingly, the Court declines to exercise supplemental jurisdiction over any potential state law claims in Volant's Complaint.

### III.  Leave to Amend

A pro se plaintiff should ordinarily be given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Shomo v. Cty. of New York*, 579 F.3d 176, 183 (2d Cir. 2009) (quotation marks and citation omitted). In an abundance of caution, the Court grants Volant leave to file an amended complaint to afford him an opportunity to allege a plausible claim. If Volant chooses to amend his complaint, he shall: (1) do so within thirty (30) days from the date of this Memorandum and Order; (2) clearly labeled it "Amended Complaint"; (3) and include the same docket number as this Order, No. 24-cv-7882. Volant must include those individuals who were allegedly involved in the deprivation of his federal rights as defendants in the caption and in the statement of claim.

If Volant does not know the name of a defendant, he may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the amended complaint. Further, Volant is reminded to review the Court's guidance set forth above concerning the requirements to allege facts supporting plausible claims against his conditions of confinement and the sufficiency of the medical care provided to him, as well as the requirements to allege plausible claims against Nassau County. (*See supra* at I.A., I.C.) Volant is cautioned that the amended complaint will completely replace, not supplement, the original complaint, so any facts or claims that Volant wants to include from the original complaint must be repeated in the amended complaint. If Volant does not timely file an amended complaint, judgment shall enter without further notice and this case will be closed. Alternatively, Volant may pursue any valid claims he may have, including negligence or medical malpractice, against the Defendants in state court.

## CONCLUSION

For the reasons stated above, this Court grants Volant's IFP motion (ECF No. 5), and dismisses the Complaint (ECF No. 1) without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii) and 1915A(b)(1) and with leave to file an amended complaint.

The Clerk of the Court shall mail a copy of this Order to Volant at his address of record in an envelope marked "Legal Mail" and shall record such mailing on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order

11

would not be taken in good faith and therefore IFP status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

Dated: Central Islip, New York
      February 23, 2025

                                            */s/ Nusrat J. Choudhury*
                                            NUSRAT J. CHOUDHURY
                                            United States District Judge